UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARKET DEVELOPMENT
CORPORATION,

    Plaintiff,

v.                                CASE NO.:  1:13-CV-00035-SPM-GRJ

PARTNERSHIP 97, LTD,
a Florida limited partnership;
CLB, INC., a Florida corporation;
AMA GAINESVILLE INVESTMENTS
FOUR, LLC, a Florida limited liability
Company; and ALEX I. SKOBEL,
a Florida resident,

    Defendants.
_____/

**MOTION TO DISMISS**
**AND**
**MEMORANDUM OF LAW IN SUPPORT THEREOF**

    Defendants, AMA GAINESVILLE INVESTMENTS FOUR, LLC, ("AMA-4") and ALEX I. SKOBEL, ("Skobel"), by and through their undersigned counsel, hereby move to dismiss the Complaint filed in this action pursuant to Rule 12 (b)(6) F.R.Civ.Proc. on the grounds that Plaintiff has failed to state a claim upon which relief may be granted and as grounds therefor state as follows:

**Background**

    On February 14, 2013, Plaintiff filed its complaint seeking damages and equitable relief based on claims arising in connection with an unconsummated written contract to sell real estate dated March 2, 2012, and an amendment thereto dated July 24, 2012, both

of which were entered into by Plaintiff, Market Development Corporation, and Partnership 97, Ltd. ("P-97"). The March 2, 2012, contract and the July 24, 2012, amendment attached to the Complaint as Exhibits 1 and 2, respectively and are referred to collectively herein as the "Sales Contract".[1]

The Complaint contains five counts:

    a.    Count I seeking damages for breach of the Sales Contract against P-97, its general partner, CBL, Inc. ("CBL") and AMA-4.

    b.    Count II seeking damages for breach of implied covenants of good faith and fair dealing arising out of the Sales Contract against P-97, CBL and AMA-4.

    c.    Count III seeking damages for tortious interference with contract against AMA-4 and Skobel.

    d.    Count IV seeking damages for tortious interference with an advantageous business relationship against AMA-4 and Skobel.

    e.    Count V seeking specific performance against AMA-4.

**Standard of Review.**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the Complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v.McConnell*, 516 F. 3d 1282, 1284 (11th Cir. 2008). "[T]he pleading standard Rule 8 announces does not require 'detailed

---

[1] The Complaint alludes to a Second Amendment to the Sales Contract which was never executed and which is not attached to the Complaint. It appears that Plaintiff seeks remedies based only on the March 2, 2012, contract and the July 24, 2012, amendment, and not the Second Amendment.

factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. "*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must therefore articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In actions arising under diversity jurisdiction, the law of the forum state is applied to evaluate the plaintiff's claim. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1059 (11th Cir. 2007) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S .Ct. 817, 82 L. Ed. 1188 (1938)).

**Argument**

Assuming that all of the allegations of the Complaint are true, and taking those allegations the light most favorable to Plaintiff, the Complaint nevertheless should be dismissed because Plaintiff has failed to state causes of action upon which relief may be granted against AMA-4 and Skobel. Specifically, the Complaint should be dismissed for failure to state a claim upon which relief can be granted because:

> a.   Count I for breach of contract should be dismissed as to AMA-4 because the Complaint fails to allege either: (i) that AMA-4 and Plaintiff entered into any contract, or (ii) that the Sales Contract was assigned to AMA-4 such that it undertook P-97's obligations under the Sales Contract.
>
> b.   Count II for breach of implied duties of good faith and fair dealing should be dismissed as to AMA-4 because the Complaint does not allege the existence of a contract between AMA-4 and Plaintiff, or the assignment of the Sales Contract to AMA-4 from which any duties can arise or be implied.

  c. Count III for tortious interference with contract seeking damages against AMA-4 and Skobel should be dismissed because AMA-4 and Skobel's actions as alleged were privileged and justified and Plaintiff failed to allege that AMA-4 or Skobel acted with malice. Moreover, Count III should be dismissed because it contains allegations -- namely, that AMA-4 had rights and obligations under the Sales Contract -- which are inconsistent with a claim for tortious interference with contract. No action of tortious interference lies against a person or entity which is party to a contract or the agent of that party.

  d. Count IV for tortious interference with an advantageous business relationship seeking damages against AMA-4 and Skobel should be dismissed because AMA-4 and Skobel's actions as alleged were privileged and justified and Plaintiff failed to allege malice. Moreover, Count IV should be dismissed because it contains allegations -- namely, that AMA-4 had rights and obligations under the Sales Contract -- which are inconsistent with a claim of tortious interference with a business relationship. No action of tortious interference lies against a person or entity which is party to a contract or the agent of that party.

  e. Count V seeking specific performance should be dismissed as to AMA-4 and Skobel because the Complaint does not allege the existence of a written contract between AMA-4 and Plaintiff, or the assignment of

the Sales Contract to AMA-4. No action for specific performance of a contract to purchase real property lies in the absence of written contract.

**Count I**

Count I for breach of contract should be dismissed as to AMA-4 because the Complaint fails to allege either: (i) that AMA-4 and Plaintiff entered into any contract, or (ii) that the Sales Contract was assigned to AMA-4 such that it undertook P-97's obligations under the Sales Contract. Plaintiff does not allege (nor does Plaintiff attach as an exhibit) any agreement between Plaintiff and AMA-4. While Plaintiff does allege that Plaintiff *was told* that the Sales contract had been assigned by P-97 to AMA-4 (para. 31), Plaintiff never alleges that any assignment was made, and simply asserts in para. 45:

> 45. AMA-4 had actual notice of the existence of the Amended Contract when it agreed to purchase and when it closed on the purchase of the AMA-4 Parcel, which included the Property subject to the Amended Contract. As a result, whether or not P-97 and AMA-4 entered into a formal agreement for the assignment of the Amended Contract to AMA-4, *by operation of law* AMA-4 has become liable for the consequences of non-performance of the seller's obligations pursuant to the Amended Contract. (Emphasis added.)

In essence, Plaintiff alleges that it does not know whether the Sales Contract was assigned, but the existence of such an assignment does not matter. AMA-4 is liable "by operation of law". Liability based on operation of law is, by definition, not liability which is based on consent and agreement. Alleged notice to AMA-4 is perhaps relevant to some other legal theory, notice does not create a contract nor contractual obligation. The elements of a breach of contract action are: (1) a valid contract; (2) a material breach; and (3) damages. *Merin Hunter Codman, Inc. v. Wackenhut Corr. Corp.*, 941 So. 2d 396, 398

(Fla. 4th DCA 2006)  "An express contract is an actual agreement between the parties, the terms of which are openly uttered or declared at the time of formation." *Jenks v. Bynum Transport, Inc*., 104 So. 3d 1217 (Fla. App. 1 Dist. 2012).  No such agreement with AMA-4 is alleged, and, as a result, no claim for breach of contract against AMA-4 lies.

**Count II**

Count II for breach of implied duties of good faith and fair dealing should be dismissed as to AMA-4 because, as dismissed in connection with Count I, the Complaint does not allege the existence of a contract between AMA-4 and Plaintiff, or the assignment of the Sales Contract to AMA-4 from which any duties can arise or be implied. No action for breach of implied covenants of good faith and fair dealing exists unless a contract exists between the parties.

> The purpose of the implied covenant of good faith is to protect the reasonable expectations of the contracting parties. *Cox [v. CSX Intermodal, Inc.*, 732 So. 2d 1092 (1 DCA 199)] 732 So. 2d at 1097. The covenant, however, is not a stated contractual term and, to operate, it attaches to the performance of a specific or express contractual provision. *Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 896 So. 2d 787, 792 (Fla. 2d DCA 2005). Further, the implied covenant of good faith cannot be used to vary the terms of an express contract.

Three Keys v. Kennedy Funding, 28 So. 3d 894 (Fla. App. 5 Dist. 2009).

> [T]here are two restrictions on causes of action for the breach of good faith and fair dealing. First, the implied covenant of good faith should not be invoked to override the express terms of the agreement between the parties … *City of Riviera Beach v. John's Towing*, 691 So. 2d 519, 521 (Fla. 4th DCA 1997). Second, a claim for breach of the implied covenant of good faith and fair dealing cannot be maintained under Florida law absent an allegation that an express term of the contract has been

> breached. Weaver, 169 F.3d at 1317-18; *Nautica Int'l, Inc. v. Intermarine USA, L.P.*, 5 F. Supp. 2d 1333, 1340 (S.D. Fla. 1998) (finding as a matter of law that plaintiff stated claim because it alleged an express breach of contract); *Anthony Distrib., Inc. v. Miller Brewing Co.*, 941 F. Supp. 1567, 1574 (M.D. Fla. 1996); … A duty of good faith must relate to the performance of an express term of the contract and is not an abstract and independent term of a contract which may be asserted as a source of breach when all other terms have been performed pursuant to the contract requirements. *Hospital Corp. of America v. Florida Med. Ctr., Inc.*, 710 So. 2d 573, 575 (Fla. 4 DCA 1998) (emphasis added). The duty of good faith does not attach until the Plaintiff can establish a term of the contract that HPS was obligated to perform. Id.*; see also Johnson Enter. of Jacksonville, Inc. v. FPL Group, Inc.,* 162 F.3d 1290, 1314 (11th Cir. 1998) ("[G]ood faith requirement does not exist `in the air'. Rather, it attaches only to the performance of a specific contractual obligation."). Allowing a claim for breach of the implied covenant of good faith and fair dealing "where no enforceable executory contractual obligation" remains would add an obligation to the contract that was not negotiated by the parties. *Hospital Corp.,* 710 So. 2d at 575.

*Concepts and Design, Inc. v. Healthplan Services, Inc.*, 785 So. 2d 1232, 1234 (Fla. 4th DCA 2001).

**Count III**

Count III of the Complaint should be dismissed because the allegations of the Complaint show that AMA-4's actions, undertaken in part through its agent Skobel, were for the purpose of promoting AMA-4's interest.

> A claim for tortious interference requires "(1) the existence of an enforceable contract, (2) the defendant's knowledge of that contract, (3) an intentional and unjustified interference by the defendant with the plaintiff's rights under the contract, and (4) resulting damages." *Ace Pro Sound and Recording, LLC v. Albertson,* 512 F. Supp. 2d 1259, 1268 (S.D. Fla. 2007) (quoting *Mariscotti v. Merco Group at Akoya, Inc.,* 917 So. 2d 890, 892 (Fla. 3d DCA 2005)).

*FSC Franchise, LLC v. Express Corporate Apparel* (M.D. Fla. 10-2-2009) (dismissing action for tortious interference with contract because the complained of actions were to safeguard or promote a financial or economic interest.)

The Complaint alleges that AMA-4 entered into a separate real estate purchase contract with P-97 for a larger parcel of land, and purchased the land pursuant to that contract. Whether or not the Sales Contract existed, AMA-4 would have taken the same alleged actions. The alleged actions were and did promote AMA-4's interest (and by extension, the interests of its agent, Skobel).  Thus, AMA-4 had a protectable interest. In light of that interest, Plaintiff is required to plead malice. *See Barco Holdings, LLC v. Terminal Inv. Corp.,* 967 So. 2d 281 (3 DCA 2007); *Serafino v. Palm Terr. Apartments*, 343 So. 2d 851 (Fla. 2 DCA 1976) ("The law recognizes that a contracting party has justification or privilege to interfere where necessary to protect that party's own contractual rights *provided such interference is without malice*") (emphasis added).

> Although we recognize that the agreement was entered into in the late night hours before the Terminal-Barco closing was supposed to occur, we do not find support in the record for Barco's contention that the Bernuth-Korman Agreement was entered into for the *sole* purpose of interfering with the Terminal-Barco contract. *Networkip v. Spread Enterprises, Inc.,* 922 So. 2d at 358 ("A cause of action for tortious interference requires a showing of both an intent to damage the business relationship and a lack of justification to take the action which caused the damage."). Instead, we conclude that the Bernuth-Korman Agreement was a means by which both Bernuth and Korman, regardless of whether as a trustee for the residents of Fisher Island who use the Terminal Island parking facilities or as an individual resident with an interest in preserving the right of Fisher Island residents to use the parking facilities, sought to preserve their interests in the property. "There can be no claim [for tortious interference with a

business relationship] where the action complained of is undertaken to safeguard or promote one's financial or economic interest." *Genet Co. v. Annheuser-Busch, Inc.,* 498 So.2d 683, 684 (Fla. 3d DCA 1986).

*Barco Holding,* at 292.

Plaintiff fails to allege malice. The only "improper means" alleged is an alleged failure to honor Plaintiff's contract with P-97, a contract to which neither AMA-4 or Skobel is a party. The Complaint states:

> 58.   Defendants AMA-4 and Skobel wrongfully and intentionally procured, induced and coerced Defendants P-97 and CLB to breach the Amended Contract by instructing them not to perform their obligations under the Amended Contract. Defendants AMA-4 and Skobel also wrongfully and intentionally procured, induced, and coerced Defendants P-97 and CLB to not execute, and to thereby breach the promise to execute the second amendment previously agreed to by MDC, P-97 and CLB.
>
> 59.   Defendants AMA-4 and Skobel also wrongfully and intentionally interfered with P-97 and CLB's performance of their obligations under the Amended Contract by inducing or coercing P-97 and CLB to make unfounded objections and subsequent wrongful demands to MDC regarding the earnest money deposited by MDC as required by the terms of the Amended Contract.

Count III for tortious interference with contract seeking damages against AMA-4 and Skobel should also be dismissed because it combines allegations of two inconsistent theories, contract and tortious interference. The first paragraph of Count III (para. 54) realleges all that was previously alleged in the Complaint, including Count I for recovery under contract. Even though Plaintiff's attempt to allege a cause of action under a contract theory as to AMA-4 is not well founded, these allegations are inconsistent with a theory of tortious interference.

Assuming AMA-4's privilege, Skobel should be dismissed from this Count as well. No action of tortious interference lies against a person or entity which is party to a contract or the agent of that party.

> [Tortious interference] exists only against persons who are not parties to the contractual relationship." *West v. Troelstrup*, 367 So. 2d 253, 255 (Fla. 1st DCA 1979). Further, an employee or representative of a contracting party "must be considered as a party to the [contractual] relationship." *Id*. Given that corporate entities such as CSXI must act through individuals, a tortious interference claim will generally not lie against employees and representatives of contracting entities. *Id*.; *see also, Cedar Hills Properties Corp. v. Eastern Fed. Corp.*, 575 So. 2d 673, 676 (Fla. 1st DCA), *rev. denied*, 589 So. 2d 290 (Fla. 1991) ("agent of corporate party . . . cannot be considered to be a separate entity outside of the contractual relationship which can tortiously interfere with that relationship"); *Muller v. Stromberg Carlson Corp.*, 427 So. 2d 266, 27071 (Fla. 2d DCA 1983) (corporate officer could not be sued for tortious interference with his corporation's contract).

*Cox v. CSX Intermodal, Inc.*, 732 So. 2d 1092, 1097 (1 DCA 1999).

### Count IV

The same qualified privilege applies to an action for tortious interference with a business relationship.

> The elements of a claim for tortious interference with business relationship are (1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damages to the plaintiff as a result of the breach of the relationship. *E.g., Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812 (Fla. 1994); *J.T.A. Factors, Inc. v. Philcon Servs., Inc.*, 820 So. 2d 367 (Fla. 3d DCA 2002). A cause of action for tortious interference requires a showing of both an intent to damage the business relationship and a lack of justification to take the action which caused the damage. *Smith v. Emery Air Freight Corp.*, 512

So. 2d 229 (Fla. 3d DCA 1987); *see Ellis Rubin, P.A .v. Alarcon*, 892 So. 2d 501 (Fla. 3d DCA 2004). Protecting a company's own economic interest to reduce the risk of incurring further loss does not constitute intent to damage within the meaning of a cause of action for intentional interference with business relationship. *In re Gen. Plastics, Corp.*, 158 B.R. 258 (Bankr.S.D.Fla. 1993); *accord Smith v. Emery Air Freight Corp.*, 512 So. 2d at 229……. No cause of action for intentional interference exists which is the consequence of a rightful action. *See Ethyl Corp. v. Balter*, 386 So. 2d 1220, 1222 (Fla. 3d DCA 1980). As such, we find that Spread does not have a cause of action for tortious interference with business relationship. *See Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d at 812.

*Networkip v. Spread Enterprises, Inc.*, 922 So.2d 355 (Fla. 3DCA 2006).

Count IV for tortious interference with an advantageous business relationship seeking damages against AMA-4 and Skobel should be dismissed because Plaintiff's allegations show that AMA-4 was protecting its own economic interests. The Complaint states:

> 66.     Defendants AMA-4 and Skobel knowingly and intentionally, without justification or privilege, tortiously interfered with MDC's advantageous business relationship with P-97 and CLB by intentionally procuring, inducing and coercing Defendants P-97 and LB to cease participation in, and to eventually terminate the advantageous business relationship between them and MDC through its actions set forth in the allegations above.
>
> 67.     Defendants AMA-4 and Skobel acted with improper purposes, which were, without limitation, to prevent MDC from taking legal action against P-97 and CLB to prevent the closing under the AMA-4 Agreement, to attempt to wrongfully force MDC to solely renegotiated a totally new and far less advantageous contract to purchase the Property, and to thereby bear infrastructure costs and expense of other improvement not required of MDC under the Amended Contract, and to attempt to wrongfully force MDC to place additional money in escrow with AMA-4.

As in Count III, nothing is alleged other than the existence of Plaintiff's Sales Contact with P-97, AMA-4's contract with P-97 and P-97's failure to close the Sales Contract. This alone, without the allegation of malice does not state a claim upon which relief can be granted. *Gunder's Auto Center v. State Farm Ins.,* 617 F. Supp. 2d 1222 (M.D. Fla. 2009) (discussing action for interference with a business relationship). Affirming the lower court's dismissal in *Gunder's*, the 11th Circuit noted:

> The privilege may also be forfeited if "malice is the *sole* basis for the interference. In other words, the party must be interfering *solely* out of spite, to do harm, or for some other bad *motive." KMS Restaurant Corp.*, 361 F.3d at 1326, *quoting Ernie Haire Ford, Inc. v. Ford Motor* Co., 260 F.3d 1285, 1294 n. 9 (11th Cir. 2001).

*Gunder's Auto Center v. State Farm Ins.,* 422 Fed. Appx. 819 (11th Cir. 2011), fn 1.

As argued in connection with Count III, no action of tortious interference lies against a person or entity which is party to a contract or the agent of that party.

**Count V**

Count V seeking specific performance should be dismissed as to AMA-4 and Skobel because the Complaint does not allege the existence of a written contract between AMA-4 and Plaintiff, or the assignment of the Sales Contract to AMA-4. No action for specific performance of a contract to purchase real property lies in the absence of written contract.

> For a real estate purchase contract to be enforceable through specific performance it must first be `embodied in one or more written documents or memoranda *signed by the party against*

> *whom enforcement is sought.'" Nu-Vision, LLC v. Corporate Convenience, Inc.*, 965 So. 2d 232, 234 (Fla. 5th DCA 2007) (quoting *de Vaux v. Westwood Baptist Church*, 953 So. 2d 677, 681 (Fla. 1st DCA 2007)). Boone was not a party to the Braces' contract with Comfort, and Boone has not signed a contract with the Braces. Accordingly, although the Braces are correct that the statute of frauds does not bar this claim, they have not shown error with regard to count two because they have not and cannot allege a written contract with Boone, as is necessary for a specific performance claim. We therefore affirm the trial court as being right for the wrong reasons. *See Dade County Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 644 (Fla. 1999) ("[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.").

*Brace v. Comfort*, 2 So. 3d 1007, 1011-1012 (Fla. App. 2 Dist. 2008). Moreover, Counts I, II, III and IV demonstrate that Plaintiff cannot rely on the equitable remedy of specific performance because it has an adequate remedy at law for damages against P-97.

**WHEREFORE,** the Defendants, Skobel and AMA-4, hereby respectfully request that this Court dismiss the Complaint as to AMA-4 and Skobel.

### Certification

Pursuant to N.D. Fla. Loc. R. 7.01B, undersigned counsel has conferred with counsel for Plaintiff as to the issues presented in this motion. Counsel for Plaintiff does not agree with AMA-4 and Skobel's position that dismissal with prejudice is warranted.

Respectfully submitted this 17th day of April, 2013.

BRASHEAR, MARSH & ASSOC. PL

/s/ Bruce Brashear

Bruce Brashear
Florida Bar Number 242497
bbrashear@nflalaw.com
michael@skobel.com
cfagan@nflalaw.com
926 NW 13th St,
Gainesville, Florida 32601-4140
Telephone: (352) 336-0800
Facsimile: (352) 336-0505
Attorney for AMA Gainesville Investments Four LLC and Alex I Skobel

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 17th, 2013, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send electronic notification to all counsel of record.

/s/ Bruce Brashear

Bruce Brashear
Florida Bar Number 242497
bbrashear@nflalaw.com
michael@skobel.com

cfagan@nflalaw.com
926 NW 13th St,
Gainesville, Florida 32601-4140
Telephone: (352) 336-0800
Facsimile: (352) 336-0505
Attorney for AMA Gainesville Investments Four LLC and Alex I Skobel