UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARKET DEVELOPMENT
CORPORATION,

    Plaintiff,

v.     CASE NO.:1:13-CV-00035-MW-GRJ

PARTNERSHIP 97, LTD,
a Florida limited partnership;
CLB, INC., a Florida corporation;
AMA GAINESVILLE INVESTMENTS
FOUR, LLC, a Florida limited liability
Company; and ALEX I. SKOBEL,
a Florida resident,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

### I. ANSWER

COMES NOW, Defendants, AMA Gainesville Investments Four, LLC, a Florida limited liability company ("AMA-4"), by and through its undersigned counsel, and hereby file this Answer and Affirmative Defenses in response to the Cross-Claim filed on or about July 10th, 2013 by Co-Defendants, Partnership 97, Ltd. ("P97") and CLB, Inc. ("CLB"), and hereby serve the same on Market Development Corporation ("MDC") and Co-Defendants, Partnership 97, Ltd. ("P97") and CLB, Inc. ("CLB"). P97 and CLB shall be collectively

referred to as P-97. Complaint Exhibit "1" shall be referred to as the "Amended Contract." AMA-4 respectfully allege as follows:

## CROSS-CLAIM

1.  Cross-Claim Paragraph 1 is not directed to AMA-4, but to the extent an answer is nonetheless required, it is Admitted.

2.  Cross-Claim Paragraph 2 is not directed to AMA-4, but to the extent an answer is nonetheless required, it is Admitted.

3.  Cross-Claim Paragraph 3 is not directed to AMA-4, but to the extent an answer is nonetheless required, it is Admitted.

4.  Cross-Claim Paragraph 4 Admitted.

5.  Cross-Claim Paragraph 5 Admitted.

6.  Cross-Claim Paragraph 6 Admitted.

7.  Cross-Claim Paragraph 7 Admitted.

8.  Cross-Claim Paragraph 8 Denied. AMA-4 has not seen a version of the contract with cross-outs until this Exhibit. P-97 has sent a different faded version to AMA-4. MDC has refused to send a version of the contract to AMA-4 but had a version without cross-outs as an Exhibit in their Complaint..

9.  Cross-Claim Paragraph 9 Denied.

10. Cross-Claim Paragraph 10 Denied.

11. Cross-Claim Paragraph 11 Admitted.

12. Cross-Claim Paragraph 12 Denied.

13. Cross-Claim Paragraph 13 Admitted.

14. Cross-Claim Paragraph 14 Admitted.

## COUNT I

## INDEMNITY UNDER CONTRACT

15. The answers contained in paragraphs 1-14 are incorporated herein by this reference as if fully restated.

16. Cross-Claim Paragraph 16 Denied.

17. Cross-Claim Paragraph 17 Denied.

18. Cross-Claim Paragraph 18 Denied.

## COUNT II

## REFORMATION-MUTUAL MISTAKE

19. The answers contained in paragraphs 1-14 above are incorporated herein by this reference as if fully restated.

20. Cross-Claim Paragraph 20 Denied.

21. Cross-Claim Paragraph 21 Denied.

22. Cross-Claim Paragraph 22 Denied. P-97's attorney did present an assignment at closing, but P-97 agreed they would have liability, if any, from the MDC contract and assignment was not executed by either party.

23. Cross-Claim Paragraph 23 Denied. Admitted that P-97's attorney brought that

document to closing, denied as to the validity.

24. Cross-Claim Paragraph 24 Admitted.

25. Cross-Claim Paragraph 25 Denied. AMA-4 voiced an objection to the assignment. P-97 agreed to not have the contract assigned.

26. Cross-Claim Paragraph 26 Admitted. AMA-4 gave P-97 a copy of all documents before P-97 left the closing. AMA-4 emailed a copy to P-97's attorney.

27. Cross-Claim Paragraph 27 Denied. AMA-4 gave P-97 a copy of all documents

28. Cross-Claim Paragraph 28 Denied. There was no executed Assignment and P-97 was aware of this fact.

29. Cross-Claim Paragraph 29 Admitted. At times, P-97 has represented that the written assignment was not signed at closing.

30. Cross-Claim Paragraph 30 Denied. P-97 did not attempt to coerce an Assignment until MDC threatened litigation about two months after the closing.

31. Cross-Claim Paragraph 31 Admitted.

32. Cross-Claim Paragraph 32 Admitted.

33. Cross-Claim Paragraph 33 Denied.

34. Cross-Claim Paragraph 34 Denied.

## COUNT III

## REFORMATION-UNILATERAL MISTAKE

35. The answers contained in paragraphs 1-14 and 19-32 are incorporated herein by this

reference as if fully restated.

36. Cross-Claim Paragraph 36 Denied.

37. Cross-Claim Paragraph 37 Denied.

38. Cross-Claim Paragraph 38 Denied.

## COUNT IV

## REFORMATION-FRAUD

39. The answers contained in paragraphs 1-14 and 19-32 are incorporated herein by this reference as if fully restated.

40. Cross-Claim Paragraph 40 Denied.

41. Cross-Claim Paragraph 41 Denied.

42. Cross-Claim Paragraph 42 Denied.

43. Cross-Claim Paragraph 43 Denied.

## COUNT V

## REFORMATION-FRAUD

44. The answers contained in paragraphs 1-14 and 19-32 are incorporated herein by this reference as if fully restated.

45. Cross-Claim Paragraph 45 Denied.

46. Cross-Claim Paragraph 46 Denied.

47. Cross-Claim Paragraph 47 Denied.

48. Cross-Claim Paragraph 48 Denied.

## COUNT VI

## DAMAGES-FRAUD

49. The answers contained in paragraphs 1-14, 19-32, and 40-42 are incorporated herein by this reference as if fully restated.

50. As an alternative to paragraph 49, the answers contained in paragraphs 1-14, 19-32, and 45-47 are incorporated herein by this reference as if fully restated.

51. Cross-Claim Paragraph 51 Denied.

52. Cross-Claim Paragraph 52 Denied.

## COUNT VII

## BREACH OF CONTRACT

53. The answers contained in paragraphs 1-12 are incorporated herein by this reference as if fully restated.

54. Cross-Claim Paragraph 54 Denied. The clause only applied pre-closing because the MDC contract was supposed to closing before the AMA contract.

55. Cross-Claim Paragraph 55 Denied.

56. Cross-Claim Paragraph 56 Denied.

57. Cross-Claim Paragraph 57 Denied.

## COUNT VIII

## REESTABLISHMENT OF LOST OR DESTROYED ASSIGNMENT

58. The answers contained in paragraphs 1-14 and 20-32 are incorporated herein by this

reference as if fully restated.

59. Cross-Claim Paragraph 59 Denied.

60. Cross-Claim Paragraph 60 Denied.

61. Cross-Claim Paragraph 61 Denied.

62. Cross-Claim Paragraph 62 Denied.

63. Cross-Claim Paragraph 63 Denied.

64. Cross-Claim Paragraph 64 Denied.

## COUNT IX

## EQUITABLE ASSIGNMENT

65. The answers contained in paragraphs 1-14 and 20-32 are incorporated herein by this reference as if fully restated.

66. Cross-Claim Paragraph 66 Denied.

67. Cross-Claim Paragraph 67 Denied.

## COUNT X

## INDEMNITY FOR DISHONOR OF ASSIGNMENT

68. The answers contained in paragraphs 1-14, 20-34, 36-38, 40-43, 45-48, 59-64, and 66-67 are incorporated herein by this reference as if fully restated.

69. Cross-Claim Paragraph 69 Denied.

70. Cross-Claim Paragraph 70 Denied.

71. Cross-Claim Paragraph 71 Denied.

72.     Cross-Claim Paragraph 72 Denied.

With regard to all of the relief requested in the WHEREFORE clauses and all counts of the Defendant's Cross-Claim, AMA-4 deny that Defendants are entitled to the prayed relief and demand strict proof thereof.

## II. AFFIRMATIVE DEFENSES

1.      **AMA-4 alleges that all Counts in the cross-claim are barred by the Statute of Frauds and Parol Evidence Rule as there was no privity on an Assignment between P-97 and AMA-4.** There are no written agreements of assignment between AMA-4 and P-97, so the Statute of Frauds provisions of Section 725.01, Florida Statutes should bar the finding of any agreements or assignments. "Pursuant to the statute, no action can be brought to enforce a contract for the sale of land unless the contract is in writing and signed by the party to be charged." Cavallaro v. Stratford Homes, Inc., 784 So.2d 619, 621 (Fla. 5th DCA 2001).

2.      **AMA-4 and Skobel allege that each and every purported Cause of Action in the cross-claim are barred because the damages (if any) referred to in the Cross-Claim were proximately caused by P-97, and that if AMA-4 committed any wrongful act at all (which supposition is made for the purpose of their defense without admitting such to be a fact), the aforesaid conduct of P-97 contributed to the happenings of alleged damages. Accordingly, the liability of the responsible party, P-97 should be apportioned according to their respective degrees of fault or other legal responsibility, and the liability, if any, of AMA-4 should be reduced accordingly.**

3. **AMA-4 was indemnified by P-97 for any damages associated with the Amended Contract. This indemnification extended to any other encumbrances created by P-97's actions prior to selling the property to AMA-4.** P-97 has contracted for indemnification on both the Warranty Deed and the Corporate Owner's Affidavit signed at closing. The Closing Statement addendum guaranteed that the "subject to an existing/pending contract" term would not survive the closing. P-97 agreed both verbally and in writing that AMA-4 would not be assigned the Amended Contract.

4. **AMA-4 and Skobel reserve the right to plead additional defenses (or crossclaims or counterclaims) that may be identified during investigation and/or course of discovery.**

Respectfully submitted this 30th day of July, 2013.

BRASHEAR, MARSH & ASSOC. PL

/s/ Bruce Brashear

Bruce Brashear
Florida Bar Number 242497
bbrashear@nflalaw.com
michael@skobel.com
cfagan@nflalaw.com
925 N.W. 56th Terrace
Gainesville, FL 32606
Telephone: (352) 336-0800
Facsimile: (352) 336-0505
Attorney for AMA Gainesville Investments Four LLC and Alex I Skobel

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 30th, 2013, a true and correct copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system, which will send electronic notification to all counsel of record.

/s/ Bruce Brashear

Bruce Brashear
Florida Bar Number 242497
bbrashear@nflalaw.com
michael@skobel.com
cfagan@nflalaw.com
925 N.W. 56th Terrace
Gainesville, FL 32606
Telephone: (352) 336-0800
Facsimile: (352) 336-0505
Attorney for AMA Gainesville Investments Four LLC and Alex I Skobel