UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

MARKET DEVELOPMENT
CORPORATION,
        Plaintiff,

v.                                                                         CASE NO.  1:13-cv-00035-SPM-GRJ

PARTNERSHIP 97, LTD,
a Florida limited partnership;
CLB, INC., a Florida corporation;
AMA GAINESVILLE INVESTMENTS
FOUR, LLC, a Florida limited liability
Company; and ALEX I. SKOBEL,
a Florida resident,
        Defendants.
_____/

**PLAINTIFF/COUNTERCLAIM DEFENDANT'S ANSWER AND AFFIRMATIVE
DEFENSES TO DEFENDANT/COUNTERCLAIM PLAINTIFF AMA
GAINESVILLE INVESTMENTS FOUR, LLC's COUNTERCLAIM**

        Plaintiff and Counter-Defendant, Market Development Corporation ("MDC"), pursuant to the Federal Rules of Civil Procedure and the Local Rules for the Northern District of Florida, by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Counterclaim filed by Defendant and Counterclaim Plaintiff, AMA Gainesville Investments Four, LLC ("AMA-4"), and states as follows:

**PARTIES AND JURISDICTION**

    1.    Admitted for jurisdictional purposes only.

    2.    Admitted for jurisdictional purposes only.

    3.    Admitted for jurisdictional purposes only.

    4.    Admitted for jurisdictional purposes only.

    5.    Admitted for jurisdictional purposes only.

6. Admitted for jurisdictional purposes only.

7. Denied.

8. Admitted that on March 5, 2012, P-97 signed a sales contract (as amended, the "Sales Contract") with MDC, and that the Sales Contract speaks for itself. MDC denies the remaining allegations of paragraph 8.

9. Admitted that on July 24, 2012, MDC and P-97 signed an "Amendment to Sales Contract," and that the Amendment to Sales Contract speaks for itself. MDC denies the remaining allegations of paragraph 9.

10. Without knowledge or information; therefore, denied.

11. Without knowledge or information; therefore, denied.

12. Admitted that the property sold from P-97 to AMA-4 pursuant to the P-97/AMA-4-Contract included the real property that was the subject of the Sales Contract between MDC and P-97. Further admitted that, on information and belief, the contract attached to the Complaint as Exhibit "3" is a true and correct copy of the P-97/AMA-4-Contract. MDC denies the remaining allegations of paragraph 12.

13. Admitted that the P-97/AMA-4-Contract speaks for itself and that the P-97/AMA-4-Contract was subject to the existing/pending Sales Contract between P-97 and MDC. Without knowledge or information; therefore, denied as to the remaining allegations in paragraph 13.

14. Denied.

15. Without knowledge or information; therefore, denied.

16. Without knowledge or information; therefore, denied.

17. Admitted that Alison Cox emailed Bob Gautier of MDC and Alex Skobel on October 9, 2012, and that email speaks for itself. Admitted that this email was the first time that

any representative from MDC had heard of Alex Skobel or any representative of AMA-4. Any remaining allegations of paragraph 17 are denied.

18. Denied as to the first sentence. Without knowledge or information as to the remaining allegations; therefore, denied.

19. Denied.

20. Without knowledge or information; therefore, denied.

21. Denied that the terms of the Sales Contract were vague or ambiguous. Without knowledge or information as to the remaining allegations of paragraph 21; therefore, denied.

22. To the extent implied, denied that MDC breached the Sales Contract. Without knowledge or information as to the remaining allegations of paragraph 22; therefore, denied.

23. Denied that the deposit money required by the Sales Contract was misappropriated. Without knowledge or information as to the remaining allegations of paragraph 23; therefore, denied.

24. Denied that the deposit money required by the Sales Contract was misappropriated and that P-97 had any basis to "invalidate" the Sales Contract. Without knowledge or information as to the remaining allegations of paragraph 24; therefore, denied.

25. Without knowledge or information; therefore, denied.

26. Admitted that AMA Exhibit "1" appears to be an email from Allison Cox to AMA-4's attorney. Without knowledge or information as to the remaining allegations of paragraph 26; therefore, denied.

27. Admitted that AMA Exhibit "2" speaks for itself. Without knowledge or information as to the remaining allegations of paragraph 27; therefore, denied.

28. Admitted that MDC wrote the email dated October 30, 2012 and attached as part of the string of emails marked as AMA Exhibit "2," and that the email speaks for itself. MDC denies the remaining allegations of paragraph 28.

29. Admitted that Alison Cox requested that MDC communicate with Alex Skobel while there was a valid contract between AMA-4 and P-97. Admitted that AMA Exhibit "3" speaks for itself. MDC denies any remaining allegations of paragraph 29.

30. Admitted that MDC received an email from AMA-4 that contained an attached PDF letter allegedly signed by Alison Cox demanding that the earnest money due under the Sales Contract be deposited with First American by November 7, 2012. Without knowledge or information as to the remaining allegations of paragraph 30; therefore, denied

31. Admitted that MDC sent to Alison Cox an escrow agreement with First American in Tallahassee, Florida, executed on behalf of MDC and offering to transfer the escrowed funds upon P-97's execution of the agreement. Admitted that MDC never received a countersigned escrow agreement from P-97, and therefore, the escrow funds were never transferred. Denied as to the remaining allegations of paragraph 31.

32. Without knowledge or information; therefore, denied.

33. Without knowledge or information; therefore, denied.

34. Without knowledge or information; therefore, denied.

35. Without knowledge or information; therefore, denied.

36. Without knowledge or information; therefore, denied.

37. Admitted that the document attached as AMA Exhibit "4" appears to be an agreement between AMA-4 and P-97 and Brice Development, Inc. Without knowledge or information as to the remaining allegations of paragraph 37; therefore, denied.

38. Admitted that MDC extended the time to close on the Sales Contract pursuant to paragraph 8 of the Sales Contract. Without knowledge or information as to the remaining allegations of paragraph 38; therefore, denied.

39. Denied that MDC could not use Section 8 of the Sales Contract to extend the closing date on the Sales Contract. Without knowledge or information as to the remaining allegations of paragraph 39; therefore, denied.

40. Without knowledge or information as to the first sentence; therefore, denied. Denied as to the remaining allegations of paragraph 40.

41. Without knowledge or information as to the first sentence; therefore, denied. Denied as to the remaining allegations of paragraph 41.

42. Denied.

43. Without knowledge or information as to the discussion between P-97 and AMA-4 alleged in paragraph 43; therefore, denied. Denied as to the remaining allegations of paragraph 43.

44. Without knowledge or information; therefore, denied.

45. Without knowledge or information; therefore, denied.

46. Without knowledge or information; therefore, denied.

47. Without knowledge or information; therefore, denied.

48. Without knowledge or information; therefore, denied.

49. Admitted that the document attached as AMA Exhibit "5" appears to be a general warranty deed, and that the document speaks for itself. Without knowledge or information as to the remaining allegations of paragraph 49; therefore, denied.

50. Without knowledge or information; therefore, denied.

51.     Admitted that the document attached as AMA Exhibit "6" appears to be a corporate owner's affidavit and that the document speaks for itself. Denied as to the remaining allegations of paragraph 51.

52.     Admitted that the document attached as AMA Exhibit "7" appears to be a title commitment and that the document speaks for itself. Denied as to the remaining allegations of paragraph 52.

53.     Admitted that the document attached as AMA Exhibit "8" appears to be a closing statement addendum between Brice Development, Inc., P-97, and AMA-4, and that the document speaks for itself. Denied as to the remaining allegations of paragraph 53.

54.     Without knowledge or information; therefore, denied.

55.     Without knowledge or information; therefore, denied.

56.     Without knowledge or information; therefore, denied.

57.     Without knowledge or information; therefore, denied.

58.     Without knowledge or information; therefore, denied.

59.     Admitted that on January 2, 2013, MDC sent a letter to P-97 and that the letter speaks for itself. Without knowledge or information as to the remaining allegations of paragraph 59; therefore, denied.

60.     Without knowledge or information; therefore, denied.

61.     Denied.

62.     Admitted that AMA-4 sent MDC emails on January 27, 2013 and January 29, 2013, and that the emails speak for themselves. Admitted that MDC rejected AMA-4's proposal to enter into a new contract with AMA-4. Admitted that AMA Exhibit "9" speaks for itself. Denied as to the remaining allegations of paragraph 62.

63. Denied.

64. Denied.

## COUNT I

## BREACH OF CONTRACT AND INDEMNIFICATION

## AGAINST P-97 AND CLB, INC. (CROSSCLAIM)

65-70. The allegations contained in paragraphs 65-70 assert a cross claim against P-97 and CLB, Inc., to which Plaintiff MDC is not a defendant. Accordingly, it does not appear necessary for MDC to respond to the allegations contained therein. Nevertheless, to the extent the allegations contained in paragraphs 65-70 relate to matters or circumstances that may affect the rights of or claims involving MDC, they are denied.

## COUNT II

## IN THE ALTERNATIVE – BREACH OF CONTRACT AGAINST MDC

## (COUNTERCLAIM)

71. MDC's answers to paragraphs 1-64 above are incorporated herein by this reference as if fully restated.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. MDC denies any allegations in the Counterclaim not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

78. The Counterclaim fails to state a claim against MDC upon which relief may be granted.

### Second Affirmative Defense

79. Defendants AMA-4, P-97 and CLB materially breached the terms of the Sales Contract or otherwise repudiated the Sales Contract prior to any alleged breach by MDC, thereby discharging MDC from any further performance obligation under the Sales Contract. Nonetheless, MDC continued to perform under the Sales Contract, and was ready, willing and able to close on the Sales Contract on February 14, 2013.

### Third Affirmative Defense

80. Defendant AMA-4 failed to satisfy certain conditions precedent to the maintenance of this action under the terms of the Sales Contract, in that it failed to perform acts as required thereunder for closing. Furthermore, AMA-4 failed to provide proper written notice to MDC of any purported failure of MDC to comply with certain terms of the Sales Contract, and to permit MDC to cure such alleged failures, if in fact any had occurred, within the time period set forth therein, as set forth in paragraphs 9 and 11 of the Sales Contract. AMA-4's claim is barred by the lack of performance and lack of notice by AMA-4, as aforesaid.

### Fourth Affirmative Defense

81. Defendant AMA-4 failed to mitigate or avoid their damages.

### Fifth Affirmative Defense

82. Defendant AMA-4 is barred from recovering under its Counterclaim against MDC based on the doctrine of unclean hands.

### **Sixth Affirmative Defense**

83. Defendant AMA-4, by virtue of its actions and/or statements made to MDC relating to the matters giving rise to the dispute involved in this case, has waived any claim it may have had or may presently have against MDC, or is otherwise estopped from now claiming that MDC breached the agreement.

### **Seventh Affirmative Defense**

84. Due to AMA-4's conduct, as more fully alleged in the Complaint, MDC has suffered damages. To the extent AMA-4 could ever recover pursuant to its claim for relief against MDC, MDC is entitled to set off against any such recovery all damages suffered by MDC.

### **DEMAND FOR JURY TRIAL**

85. MDC demands a trial by jury on all issues so triable in this case.

Respectfully submitted,

**SMITH, GAMBRELL & RUSSELL, LLP**

s/ Jonathon D. Pressley
Dana G. Bradford II
Florida Bar Number 167542
dgbradford@sgrlaw.com
dmsmith@sgrlaw.com
dthall@sgrlaw.com
Jonathon D. Pressley
Florida Bar No. 84579
jpressley@sgrlaw.com
mhowell@sgrlaw.com
50 N. Laura Street, Suite 2600
Jacksonville, FL  32202
Telephone:     (904) 598-6100
Facsimile:      (904) 598-6203

*Attorneys for Market Development Corporation*

### Certificate of Service

I HEREBY CERTIFY that on this 31st day of July, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

Jack M. Ross, Esq.
jross@shrlawfirm.com

Bruce Brashear, Esq.
bbrashear@nflalaw.com

s/ Jonathon D. Pressley
Attorney